# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Covington Division**

| | | |
|---|---|---|
| Terry Collins | ) | |
| Michael Collins | ) | |
|     *Plaintiffs* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Asset Acceptance, LLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     CSC-Lawyer's Incorporating | ) | |
|         Service Company | ) | |
|     421 W. Main Street | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Capital Alliance Financial, LLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Stenger & Stenger, PC | ) | |
|     2618 East Paris Ave SE | ) | |
|     Grand Rapids, MI 49546 | ) | |
| | ) | |
| Midland Credit Management, Inc. | ) | |
| Serve: | ) | |
|     Corporation Service Company | ) | |
|     2900 SW Wanamaker Dr. | ) | |
|     Suite 204 | ) | |
|     Topeka, KS 66614 | ) | |
| | ) | |
| Midland Funding, LLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     CSC-Lawyer's Incorporating | ) | |
|         Service Company | ) | |
|     421 W. Main | ) | |
|     Frankfort, KY 40601 | ) | |

| | |
|---|---|
| Portfolio Recovery Associates, LLC | ) |
|     *Defendant* | ) |
| Serve: | ) |
|     Corporation Service Company | ) |
|     2711 Centerville Road | ) |
|     Suite 400 | ) |
|     Wilmington, DE 19808 | ) |
| | ) |

# **COMPLAINT**

## INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2. Like many of their fellow citizens, Michael and Terry Collins took several hard economic blows as a result of the great economic recession that began with the financial meltdown that began in 2008. The Collins struggled greatly to stay afloat and not go down the economic drain. In order to lighten their load, the Collins stopped paying certain credit card bills—bills to some of the same banks that caused the economic crisis in the first place. The banks eventually charged off these accounts and sold them for pennies on the dollar to third-party debt collectors.

3. Defendants Asset Acceptance, LLC ("AAL"); Capital Alliance Financial, LLC ("Capital Alliance"); Midland Credit Management, Inc. ("MCM"); Midland Funding, LLC ("Midland"); and Portfolio Recovery Associates, LLC ("PRA") purchased charged off debts owed by the Collins for somewhere around 4% to 5% of the face value of the debts.[1] After purchasing these debts, Defendants accrued interest and/or fees on the debts that Defendants had no legal right to collect from Plaintiffs Michael and Terry Collins. These and other acts by Defendants violates the FDCPA.

## JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

5. Plaintiffs Michael and Terry Collins are natural persons who reside in Boone County, Ky. Michael and Terry Collins are both a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

6. Defendant Asset Acceptance, LLC ("AAL") is a foreign limited liability company, which is registered with the Kentucky Secretary of State, and is engaged in the

---

[1] Fair Trade Commission, *The Structure and Practices of the Debt Buying Industry* at 22, http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf (January 2013).

business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth. AAL's principal place of business is 28405 Van Dyke Ave, Warren, MI 48093.

7. AAL regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

8. Defendant Capital Alliance Financial, LLC is a foreign limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth. AAL's principal place of business is located in Grand Rapids, MI.

9. Capital Alliance regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

10. Defendant, Midland Credit Management, Inc., ("MCM") is a Kansas for-profit corporation, which is not registered with the Kentucky Secretary of State, and is engaged in the business of collecting debts on behalf of other legal entities, including Midland Funding, LLC. MCM's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

11. Midland Credit Management, Inc. is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

12. Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

13. Midland Funding, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

14. Defendant Portfolio Recovery Associates, LLC ("PRA") is a limited liability company, the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

15. PRA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

### I.     Facts Relating to Asset Acceptance, LLC

16.     On April 15, 2014, Ms. Collins requested and reviewed a copy of her consumer credit report from Equifax Information Services, LLC ("Equifax").

17.     Ms. Collins' Equifax consumer credit report includes negative credit information furnished by Asset Acceptance, LLC ("AAL") in connection with a charged-off credit card debt originated by Fifth Third Bank, Acct. # 12246xxxx.

18.     Ms. Collins recalls having a Fifth Third credit card that she used solely for personal, family, or household purposes, which makes the debt a "debt" within the meaning of the FDCPA.

19.     AAL furnished negative credit information concerning Ms. Collins' Fifth Third credit card debt for purposes of collecting a debt from her. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

20.     AAL's furnished information notes that AAL purchased the debt in June 2012 and that $11,174.00 was the amount due as of April 15, 2014.

21.     AAL's furnished information also notes that $9,762.00 was the amount due on the debt on the date that AAL purchased the debt.

22.     Upon information and belief, AAL paid no more than 5% of the face amount of Ms. Collins' Fifth Third debt or no more than $489.00 to purchase the debt.

23.     Ms. Collins' Equifax consumer credit report also includes negative credit information furnished by Fifth Third Bank concerning the same debt.

24.     Fifth Third's furnished information notes that June 2012 was the last reporting date and that $9,762.00 was the amount due on the debt as of June 2012.

25.     AAL's furnished information falsely represents the character, status, and the amount due and owing on the Fifth Third credit card debt by furnishing information that $11,174.00 was due and owing on the debt when the total amount due was and could be no more than $9,762.00.

### II.    Facts Relating to Capital Alliance Financial, LLC

26.     Capital Alliance Financial, LLC ("Capital Alliance") filed suit against Ms. Collins on January 6, 2014 to collect a charged-off Fifth Third Bank debt. (A copy of the complaint is attached as Exhibit "A").

27.     Ms. Collins is uncertain whether the debt at issue is hers, but if it is, she used the

underlying credit solely for personal, family, or household purposes, which makes the debt a "debt" within the meaning of the FDCPA

28. Capital Alliance's complaint demands a principal amount of $668.12 plus court costs and reasonable attorney's fees.

29. Upon information and belief, Capital Alliance has no legal right to recover attorney's fees from Ms. Collins.

30. Upon information and belief, Capital Alliance is owned in whole or in part by Capital Alliance's counsel.

### III. Facts Relating to Midland Credit Management, Inc. and Midland Funding, LLC

31. On April 24, 2014, MCM mailed dunning letters to Mr. and Mrs. Collins in an attempt to collect a charged-off credit card debt originated by GE Capital Retail Bank and branded as a Lowes credit card.

32. The April 24th letters identify Midland as the current owner of the debt and that Midland purchased the debt on January 30, 2014.

33. The April 24th letters falsely state that $9,567.57 was current amount due on the debt.

34. Both Mr. and Mrs. Collins recall having a Lowes credit card that they used solely for personal, family, or household purposes, which makes the Lowes debt a "debt" within the meaning of the FDCPA.

35. Ms. Collins' Equifax consumer credit report also includes negative credit information furnished by GE Capital Retail Bank concerning the Lowes credit card debt.

36. In March 2014, Mr. Collins requested and reviewed a copy of his consumer credit report from Experian Information Solutions, Inc. ("Experian").

37. Mr. Collins' Experian consumer credit report includes negative credit information furnished by GE Capital Retail Bank concerning the Lowes credit card debt.

38. GE Capital Retail Bank's furnished information indicates that the debt was charged off with $6,803.00 as the face amount due on the debt on the date of charge off and sold.

39. Upon information and belief, GE Capital Retail Bank sold the Lowes debt for 5% of the face amount of the debt or no more than $341.00.

40. MCM's April 24th dunning letters misrepresent the amount of the debt by falsely claiming that $2,764.57 more was due on the Lowes credit card debt than was owed on the debt.

41.     MCM is also furnishing negative credit information concerning Ms. Collins and an unidentified debt.

42.     According to the information furnished by MCM, MCM opened the account on the debt in June 2010 with a face amount due of $2,338.00 and a current amount due of $3,667.00 as of January 2014.

43.     Upon information and belief, MCM falsely represented the current amount due on the debt by furnishing information that $1,329.00 more was due on the debt in January 2014 than was due on the debt in June 2010.

## IV.     Facts Relating to Portfolio Recovery Associates, LLC

44.     On March 31, 2014, PRA filed suit against Mr. and Ms. Collins in attempt to collect a charged off GE Capital Retail Bank credit card debt branded as an HHGregg credit card.

45.     The Collins recall having an HHGregg credit card that they used solely for personal, family, or household purposes, which makes the HHGregg debt a "debt" within the meaning of the FDCPA.

46.     PRA's complaint alleged that $9,067.91 was the amount due on the debt.

47.     PRA attached the affidavit of one Elaine Freeman-Lark that averred that PRA purchased the HHGregg debt on May 20, 2013.

48.     Upon information and belief, $6,396.00 was the amount due on the debt when GE Capital Retail Bank charged off the Collins' debt.

49.     Upon information and belief, when GE Capital Retail Bank sold the Collins' HHGregg debt, $6,396.00 was still the face amount of the debt when GE Capital Retail Bank sold the debt to PRA.

50.     Upon information and belief, PRA paid no more than 5% of the face amount of the HHGregg debt or no more than $320.00 for the debt.

51.     PRA misrepresented the amount of the debt in its state-court collection complaint by falsely alleging that the Collins owed $2,671.91 more on the debt than they in fact could have possibly owed on the debt.

### Claims for Relief: Violations of the Fair Debt Collection Practices Act

## I.     Claims against Asset Acceptance, LLC

52.     The foregoing acts and omissions of Asset Acceptance, LLC ("AAL") constitute violations of the FDCPA, including, but not limited to:

    **a.**    Violation of 15 U.S.C. §1692e(2)(A): AAL falsely represented the amount owed on Ms. Collins' Fifth Third credit card debt by falsely representing to one or more consumer reporting agencies that the amount owed on the debt was $1,412.00 more than was due and owing on the debt;

    **b.**    Violation of 15 U.S.C. §1692e(5): AAL attempted to collect from Ms. Collins $1,412.00 more on the Fifth Third credit card debt than was due and owing on the debt thereby threatening to take an action that cannot legally be taken;

    **c.**    Violation of 15 U.S.C. §1692e(8): AAL reported false credit information to one or more consumer reporting agencies concerning Ms. Collins and the Fifth Third credit card debt by reporting a false and inflated amount due and owing on the debt;

    **d.**    Violation of 15 U.S.C. §1692e(10): AAL falsely represented the amount owed on Ms. Collins' Fifth Third credit card debt by falsely representing to one or more consumer reporting agencies that the amount owed on the debt was $1,412.00 more than was due and owing on the debt; and

    **e.**    Violation of 15 U.S.C. § 1692f(1): AAL attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to, attempting to collect from Ms. Collins $1,412.00 more on the Fifth Third credit card debt than was due and owing on the debt.

**II.**    **Claims against Capital Alliance Financial, LLC**

53.    The foregoing acts and omissions of Capital Alliance Financial, LLC ("Capital Alliance") constitute violations of the FDCPA, including, but not limited to:

    **a.**    Violation of 15 U.S.C. §1692e(2)(A): Capital Alliance falsely represented the amount owed on the Fifth Third debt in its state court collection complaint by alleging that Capital Alliance was entitled to recover attorney's fees that it had no legal right to collect from Ms. Collins;

    **b.**    Violation of 15 U.S.C. §1692e(5): Capital Alliance attempted to collect attorney fees from Ms. Collins in its state-court complaint that Capital Alliance had no legal right to collect from Ms. Collins thereby threatening to take an action that cannot legally be taken;

    **c.**    Violation of 15 U.S.C. §1692e(10): Capital Alliance falsely represented the amount owed on the Fifth Third debt in its state court collection complaint by alleging that Capital Alliance was entitled to recover attorney's fees that it had no legal right to collect from Ms. Collins; and

    **e.**    Violation of 15 U.S.C. § 1692f(1): Capital Alliance attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to, attempting to collect

attorney's fees from Ms. Collins that Capital Alliance had neither a contractual nor statutory right to collect.

### III. Claims against Midland Credit Management, Inc. and Midland Funding, LLC

54. The foregoing acts and omissions of Midland Credit Management, Inc. and Midland Funding, LLC constitute violations of the FDCPA, including, but not limited to:

    **a.** Violation of 15 U.S.C. §1692e(2)(A): MCM, acting on behalf of Midland, falsely represented (i) the amount owed on the Lowes credit card debt by representing to one or more consumer reporting agencies that the amount owed on the debt was $2,764.57 more than was due and owing on the debt, and (2) the amount owed on the unidentified debt to one or more consumer reporting agencies that the amount owed on the debt was $1,329.00 more than was due and owing on the debt;

    **b.** Violation of 15 U.S.C. §1692e(5): MCM, acting on behalf of Midland, attempted to collect from Ms. Collins thousands of dollars more on the Lowes credit card debt and the unidentified debt than was due and owing on the debts thereby threatening to take an action that cannot legally be taken;

    **c.** Violation of 15 U.S.C. §1692e(8): MCM, acting on behalf of Midland, reported false credit information to one or more consumer reporting agencies concerning Ms. Collins and the Lowes credit card debt and unidentified debt by adding thousands of dollars more than was due and owing on the debts that MCM and Midland knew or should have known that it had no legal right to collect from Ms. Collins;

    **d.** Violation of 15 U.S.C. §1692e(10): MCM, acting on behalf of Midland, falsely represented (i) the amount owed on the Lowes credit card debt by representing to one or more consumer reporting agencies that the amount owed on the debt was $2,764.57 more than was due and owing on the debt, and (2) the amount owed on the unidentified debt to one or more consumer reporting agencies that the amount owed on the debt was $1,329.00 more than was due and owing on the debt; and

    **e.** Violation of 15 U.S.C. § 1692f(1): MCM, acting on behalf of Midland, attempted to collect from Ms. Collins thousands of dollars more on the Lowes credit card debt and the unidentified debt than was due and owing on the debts that MCM had neither a contractual nor statutory right to collect.

### IV. Claims against to Portfolio Recovery Associates, LLC

55. The foregoing acts and omissions of Portfolio Recovery Associates, LLC constitute violations of the FDCPA, including, but not limited to:

    **a.** Violation of 15 U.S.C. §1692e(2)(A): PRA falsely represented the amount owed on the Collins' HHGregg credit card debt by falsely representing in its state court complaint against the Collins that they owed $2,671.91 more on the debt than they in fact

could have possibly owed on the debt;

      **b.**     Violation of 15 U.S.C. §1692e(5): PRA attempted to collect from the Collins $2,671.91 more on the HHGregg credit card debt than was due and owing on the debt thereby threatening to take an action that cannot legally be taken;

      **c.**     Violation of 15 U.S.C. §1692e(10): PRA falsely represented the amount owed on the Collins' HHGregg credit card debt by falsely representing in its state court complaint against the Collins that they owed $2,671.91 more on the debt than they in fact could have possibly owed on the debt; and

      **e.**     Violation of 15 U.S.C. § 1692f(1): PRA attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to, attempting to collect from the Collins $2,671.91 more on the HHGregg credit card debt than was due and owing on the debt.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Michael and Terry Collins request that the Court grant them the following relief:

1. Award Plaintiffs actual damages;

2. Award Plaintiff maximum statutory damages against each Defendant;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

      Respectfully submitted,

      /s/ James H. Lawson
      **James H. Lawson**
      *Lawson at Law, PLLC*
      4055 Shelbyville Road
      Suite B
      Louisville, KY 40207
      Tel:   (502) 473-6525
      Fax:  (502) 473-6561
      james@kyclc.com